## Case No. 6,024.

### HANK v. CRITTENDEN.

[2 McLean, 557.] [1]

Circuit Court, D. Ohio. July Term, 1841.

GUARANTY OF DIVIDEND—INSOLVENCY OF PRINCI-
PAL—RESPONSIBILITY OF GUARANTOR.

1. The defendant guarantied to the holder of
certain certificates of stock in the Portage Hy-
draulic Manufacturing and Land Company, ten
per cent. on moneys paid for two years. *Held*
that an averment that, within the time specified,
the company neither made nor declared a div-
idend was insufficient.

2. The undertaking was collateral, and in all
such cases a demand and notice are necessary
to be averred and proved, or an excuse alledged,
to charge the guarantor.

3. The total insolvency of the principal super-
sedes the necessity of a demand of the princi-
pal and notice to the guarantor.

At law.

Brush & Gilbert, for plaintiff.
Mr. Andrews, for defendant.

LEAVITT, District Judge. The declara-
tion in this case is in assumpsit; and sets
forth, in four special counts, the issuing of
four several certificates, by the Portage Hy-
draulic Manufacturing and Land Company,
dated February 21, 1837, in the following
form: "This is to certify that Hank and
Niles have ten shares in the capital stock
of the Portage Hydraulic Manufacturing
and Land Company, on which one thousand
dollars have been paid, transferable on the
books of said company, by Hank and Niles,
or their attorney, on the surrender of this
certificate." It is then averred, that the de-
fendant, on the same day, made an indorse-
ment, on each of said certificates, as fol-
lows: "I hereby guarantee unto the holder
or holders of the within shares, an annual
dividend or income of ten per cent. for two
years, from the 13th inst., for value received."
Then follows an averment that said company,
for two years after the said 13th of Feb-
ruary, 1837, "neither declared nor paid any
dividend or income whatever, of which the
defendant had notice," &c. The defendant
has filed a demurrer to the declaration; and
the first objection urged is, that no sufficient
consideration for the promise or guaranty is
alledged.

The principle is well settled, that in de-
claring on promises or contracts, which do
not import a consideration, it is necessary
to aver a good and sufficient consideration.
Specialties, and bills of exchange and prom-
issory notes, imply a consideration; and in
such cases none need be averred. The prom-
ise or guaranty in this case, not being em-
braced in either of these classes, it is neces-
sary that a consideration should be stated.
The only question is, whether this is suffi-
ciently set forth in the declaration. It is not
averred with the formality and precision

usual in such cases; but the promise or
guaranty, on which the action is founded,
is copied in the declaration; and from this
it appears to have been made "for value re-
ceived." These words, it may be assumed,
were not used without some design; and
they clearly amount to an acknowledgment
by the guarantor of a benefit received from
the other party, as the moving cause of the
execution of the guaranty. And in this as-
pect of the case, we are of the opinion that
a sufficient consideration for the promise,
stated in the declaration, does appear. It
is, also, insisted, by the demurrant, that the
declaration is deficient, because it does not
aver a demand on the company for the pay-
ment of the dividends on the shares trans-
ferred to the plaintiff, and a notice to the
defendant of such nonpayment.

The inquiry which must be decisive of this
point is, whether the promise on which this
action is founded is to be regarded as abso-
lute or collateral. If it can be viewed as an
unconditional promise to pay the plaintiff
ten per cent. for two years, on the stock
transferred, it is not necessary to aver a de-
mand upon the company, for the dividends,
as no such demand can be required to fix
the liability of the defendant; but, if it is to
be regarded as a promise to pay ten per cent.
on the stock transferred to the plaintiff, in
the event that the company shall fail to do
so, it is clearly one of those collateral un-
dertakings, in which it is the right of the
promisor, before his liability attaches, that
a demand should be made of the party for
whom he undertakes, and that notice should
be given of the failure of that party to pay.
In this latter aspect the promise, under con-
sideration, must be viewed. And thus con-
sidered, the principles applicable to it are
the same that have been long and uniformly
sanctioned by courts, in the numerous cases
of commercial guaranties, heretofore decid-
ed, both in this country and in England. If
an individual guarantee the payment of a
note or bill, although the same strictness in
regard to the time of making demand, and
giving notice is not required as in the case
of an indorsement of commercial paper, yet
the demand and notice are held to be indis-
pensable, unless an excuse, such as the in-
solvency of the maker or acceptor, be averred.
And it is, also, settled by repeated adjudi-
cations, that to make the writer of a letter
of credit responsible for goods sold or ad-
vances made upon such letter, he must be
duly notified of the acceptance of the letter,
and of the amount of sales or advances
made; and in default of such notice he is not
liable. The position is believed to be sus-
tainable upon principle and authority, that in
all collateral undertakings, where the lia-
bility of the guarantor depends on the doing
of some act by a third person, notice of a de-
mand upon him, or an excuse for not making
it must be alledged. The averment in the dec-
laration that the company neither declared

[1] [Reported by Hon. John McLean, Circuit
Justice.]

nor paid any dividend within the two years, mentioned in the guaranty, does not supersede the necessity of a demand. The undertaking of the defendant in its legal effect is, that a profit on the stock transferred, equal to ten per cent. per annum, for two years, shall be made; and that if no profit be made the guarantor will be responsible for ten per cent.; or, if a less profit than ten per cent. is made, he will pay the guarantee the difference between that rate and the profit actually made. An averment, therefore, that the company neither declared or paid any dividend or profit, is not equivalent to an averment that no profit was made during the two years; and nothing short of this allegation, or, that the company was actually and notoriously insolvent, will excuse a demand on the company, and notice to the guarantor.

In this view of the promise or guaranty on which this action is founded, the assignment of the breach, as stated in the declaration, is defective. The rule on this subject is, that the breach should be assigned in the words of the contract, either negatively or affirmatively, or in words which are coextensive with the import and effect of it. And if the breach vary from the sense and substance of the contract, and be either more limited or larger than the contract, it will be insufficient. In the case before the court the words of the guaranty as set forth in the declaration are: "I hereby guaranty unto the holder or holders of the within shares, an annual income or dividend of ten per cent. for two years from the 13th Feb., inst." The breach assigned is: "That the company, within the two years, neither declared or paid any dividend or income whatever." This averment does not negative the contract or promise, either in its words or according to its legal import. To make the averment coextensive with the promise or contract, according to its sense and substance, it should have alleged not only that the company did not pay or declare any dividend, but that it made no profit during the two years referred to. The allegation contained in the declaration may be strictly true, namely, that the company neither paid or declared any dividend; and yet, in entire consistency with that averment, a profit even exceeding ten per cent. may have been made by the company. If, instead of declaring and paying a dividend, the officers had deemed it more expedient to set aside the profits as a surplus or contingent fund; or, if such profits had been added to the capital stock, it cannot be doubted that this would have been a substantial compliance with the terms of the guaranty, although the company "neither declared nor paid any dividend whatever." It seems clear to us, therefore, that the averment of the breach of the guaranty in question is not coextensive with the contract; and that on this ground the declaration is defective. The demurrer to the declaration is, therefore, sustained.